■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON ANDERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered June 27, 1989, convicting him of rape in the second degree, rape in the third degree (five counts), sexual abuse in the third degree (two counts), and endangering the welfare of a child (nine counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for sexual abuse in the third degree under count eight of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted, *inter alia,* of repeatedly raping and sexually abusing his stepdaughter. The defendant's conduct commenced in 1983 when his stepdaughter was 12 years old and continued for approximately four and one half years. On appeal, the defendant argues, *inter alia,* that counts 9 through 17 of the indictment, charging him with endangering the welfare of a child, are "facially defective" due to their alleged lack of specificity. We disagree. The Court of Appeals has held that "an indictment 'must provide the accused with fair notice of the nature of the charges against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer to the charges and to prepare an adequate defense' " *(Matter of Block v Ambach,* 73 NY2d 323, 332-333, quoting from *People v Keindl,* 68 NY2d 410, 416; *see also, People v Davis,* 72 NY2d 32, 38; *People v Iannone,* 45 NY2d 589, 594). The Court of Appeals has further observed that, "[w]hen indicting for statutory crimes, it is usually sufficient to charge the language of the statute, unless that language is too broad" *(People v Iannone, supra,* at 599; *People v Di Noia,* 105 AD2d 799, 800, *cert denied* 471 US 1022). Here, the challenged counts of the indictment permissibly tracked the relevant statutory language and, together with materials produced pursuant to pretrial disclosure, provided the defendant fair notice of the charges against him *(see, People v Di Noia, supra,* at 800; *see also, People v Charles,* 61 NY2d 321, 327; *People v Ribowsky,* 156 AD2d 726, 727, *affd* 77 NY2d 284).

Further, the court did not err in modifying its *Sandoval* ruling during trial, as the defendant now contends. Although the court had initially ruled that the defendant could be asked on cross-examination only whether he had ever been convicted of a crime, during direct examination defense counsel inquired into the underlying nature of the crime in question by asking the defendant if his prior conviction was for a sex crime. Under these circumstances, the trial court properly concluded that the door had been opened for the prosecutor to examine the defendant with respect to the identity of the crime involved *(see, People v Rios,* 166 AD2d 616; *People v Garcia,* 160 AD2d 258, 259; *People v Brown,* 157 AD2d 790; *see also, People v Melendez,* 55 NY2d 445, 451; *People v Rahming,* 26 NY2d

411, 418; *People v McLean,* 168 AD2d 641; *People v McCullough,* 141 AD2d 856; *cf., People v Bolden,* 58 NY2d 741).

We agree, however, with the defendant's contention that the People failed to adduce evidence that he committed the crime of sexual abuse in the third degree between the dates of October 29, 1986, and October 31, 1986, as charged in count eight of the indictment. Accordingly, that count of the indictment must be dismissed.

We have reviewed the defendant's remaining contentions, and find them to be either unpreserved for appellate review *(see, People v McGee,* 152 AD2d 601; *People v Burns,* 118 AD2d 864),* or lacking in merit. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.