OPINION OF THE COURT
Jack Mackston, J.
The defendant, through his attorney, moves this court for an order requesting the following relief:
(1) Inspection of the Grand Jury minutes pursuant to CPL 210.30.
(2) Dismissal of the indictment pursuant to CPL 210.20 (1) (a), (b), (c), (h), (i); 210.25, 210.30, 210.35 and 210.40.
(3) Disclosure by the People of statistics indicating how many Nassau County employees have applied for accidental disability retirement within the past 10 years; the number who were refused and prosecuted as a result of applying for retirement benefits and the number of Nassau County employees who have been prosecuted for sick leave violations during the past 10 years.
The indictment charges the defendant with offering a false instrument for filing in the first degree (Penal Law § 175.35), attempted grand larceny in the third degree (Penal Law §§ 110.00, 155.35), grand larceny in the third degree (Penal Law § 155.35) and defrauding the government (Penal Law § 195.20). The essence of the charges against the defendant is that he falsely claimed that he was permanently disabled and unable to work as a police officer and that he improperly collected money from Nassau County based upon these claims.
*287 The court has considered the following in reaching its decision: defendant’s notice of motion to dismiss the indictment and supportive papers; defendant’s memorandum of law in support of notice of motion to dismiss indictment; People’s opposition and supportive papers; defendant’s reply and supportive papers and People’s sur-reply and supportive papers. The Grand Jury minutes have been reviewed in camera and it is not necessary to release the minutes or any portion thereof to defendant’s counsel to assist the court in making its determination.
DECISION
The first ground raised by the defendant for dismissal of the indictment is that the defendant is being selectively and vindictively prosecuted in violation of his Fourteenth Amendment rights.
In order to sustain a claim of selective prosecution, it must be proven that a law has been "applied and administered by public authority with an evil eye and an unequal hand” (Yick Wo v Hopkins, 118 US 356, 373-374 [1886]). Both requirements must be proven. In other words, "[T]here must be not only a showing that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some arbitrary classification”. (Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693 [1979].) A court must hold a pretrial hearing to determine the claim of vindictive prosecution if the petitioner is able to demonstrate that he is more likely than not to succeed on the merits (Matter of 303 W. 42nd St. Corp. v Klein, supra).
In support of his claim, the defendant provides a litany of incidents in which he claims the police acted in a vindictive and antagonistic manner towards him. It is asserted that these allegedly vindictive responses began in reaction to civil lawsuits and actions initiated by the defendant against the Police Department. The District Attorney counters a number of these episodes with more innocent explanations and motivations. The court finds it unnecessary to decide in favor of one side or another on each of the incidents detailed in order to determine this motion.
For reasons hereinafter stated the court concludes that the defendant has failed to prove that he is a victim of selective prosecution and consequently his motion to dismiss the indictment, on that basis, is denied. Additionally, a hearing on *288 this issue is not warranted because the defendant has failed to demonstrate that he will more likely than not succeed on the merits of his claim of vindictive prosecution on the part of the District Attorney’s office.
The defendant and the District Attorney both agree that the defendant is the first police officer in Nassau County prosecuted for filing allegedly fraudulent disability applications or for alleged fraudulent use of sick leave. However, the fact that the defendant is the first Nassau County police officer to be so prosecuted, while meaningful, is not controlling. There exists no per se ban on one or another type of new prosecution.
Nevertheless, what is important is the fact that the instant prosecution of the defendant was initiated by and is being pursued by the District Attorney of Nassau County, and not by the Nassau County Police Department. It is true that the Police Department did the initial investigation and fact-gathering concerning the defendant. The Department, however, then brought this information to the attention of the District Attorney’s office. It was that office which subsequently reviewed and evaluated the information. It was that office which subsequently made the decision that it should prosecute the defendant. It was that office, not the Police Department, which then presented evidence in this matter to the Grand Jury. •
The Nassau County Police Department’s role was limited to suspecting a crime, investigating that crime and presenting information pertaining to that crime to the District Attorney. The ultimate decision about whether or not to prosecute the defendant was independently made by the District Attorney’s office. The defendant’s complaints of vindictive behavior on the part of the Nassau County Police Department do not extend to the District Attorney’s office. No such accusations are even suggested, and it has not been shown that in prosecuting the defendant, the District Attorney’s office acted with an evil intent, singling out the defendant for prosecution, nor that the prosecution of the defendant was based upon a constitutionally impermissible standard, such as race or religion or some arbitrary classification; nor that it was pursued by the prosecutor with the intent to chill the exercise or invocation of certain statutory rights of the defendant, or with a bad-faith intent to injure the defendant.
Another of the claims advanced by the defendant is that the Grand Jury proceeding was defective because the People failed to give proper instructions and failed to introduce certain exculpatory evidence.
*289 The standards that the District Attorney must meet in instructing the Grand Jury can be found in case law. "The District Attorney is required to instruct the Grand Jury on the law with respect to the matters before it (CPL 190.25, subd 6). Although the Grand Jury need not be charged with the same degree of precision as the petit jury, the District Attorney must give guidance adequate for the Grand Jury to carry out its function. We have held that, in the usual case, it is 'sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime’ (People v Calbud, Inc., 49 NY2d 389, 394-395). In this connection, we have recognized that a failure to furnish adequate or complete instructions may, in a given case, render the Grand Jury proceedings defective, mandating dismissal of the indictment (id., at p 395; CPL 210.20, subd 1, par [c]; 210.35, subd 5). This does not mean, however, that the Grand Jury must be charged with every potential defense suggested by the evidence.” (People v Valles, 62 NY2d 36, 38 [1984].)
The prosecutor is required to instruct only as to exculpatory defenses supported by the evidence. An exculpatory defense is one which would, if believed, result in a finding of no criminal liability. (People v Valles, supra.) ''The People generally enjoy wide discretion in presenting their case to the Grand Jury * * * and are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused * * * even though such information undeniably would allow the Grand Jury to make a more informed determination. In the ordinary case, it is the defendant who, through the exercise of his own right to testify and have others called to testify on his behalf before the Grand Jury * * * brings exculpatory evidence to the attention of the Grand Jury * * * [T]he Grand Jury proceeding is not intended to be an adversary proceeding”. (People v Lancaster, 69 NY2d 20, 25-26 [1986] [citations omitted].)
Of course, the prosecutor, in his dual role as advocate and public officer, has an obligation of fair dealing to the accused and candor to the courts. This duty extends to both the submission of evidence and instructions on the law. (People v Lancaster, supra.) It must be kept in mind that a Grand Jury proceeding is not a mini-trial. Its purpose is to determine whether legally sufficient evidence exists to accuse and prosecute a citi *290 zen for a crime. (People v Jensen, 86 NY2d 248 [1995]; People v Lancaster, supra.)
Bearing these principles in mind, the defendant’s motion to dismiss based upon improper instructions and a failure to introduce exculpatory evidence must be denied.
Regarding the instructions, the specific impropriety cited by the defendant concerns the People’s failure to instruct the Grand Jury with respect to General Municipal Law § 207-c and the defendant’s requests for a section 207-c hearing. General Municipal Law § 207-c is a civil statute which essentially provides that a police officer who is injured in the line of duty and who is ineligible for, or not granted a disability pension, is entitled to be paid his full salary. Case law interpreting the statute provides that a hearing be held before the officer’s salary can be discontinued. (Matter of Hodella v Chief of Police of Town of Greenburgh, 73 AD2d 967 [2d Dept 1980], lv denied 49 NY2d 708.)
Contrary to the defendant’s assertions, there is nothing to indicate that utilization of this civil, administrative procedure in any way precludes the People from proceeding criminally against this defendant. The fact that our Legislature saw fit to provide a mechanism to determine whether or not a police officer will be paid his salary while out of work on a line-of-duty sick leave does not foreclose the People’s right to initiate a criminal prosecution against a person believed to be fraudulently claiming a disabling condition.
Moreover, although the defendant’s initiation of the section 207-c procedure may have some relevance to the matters at hand, the People are under no legal obligation to present evidence on this subject. As discussed previously, the People are not obligated to present all favorable evidence in their possession. Furthermore, the defendant’s involvement with the section 207-c procedure can in no way be considered a complete or exculpatory defense which the People would be required to present to the Grand Jury.
The defendant also claims that exculpatory evidence in the nature of physicians’ reports and Workers’ Compensation Board findings should have been submitted to the Grand Jury. It is asserted that the failure to introduce this evidence requires dismissal of the indictment.
The court has previously discussed the People’s obligation in presenting evidence to the Grand Jury and once again concludes that the prosecutor was under no obligation to *291 introduce either the physicians’ reports or the Workers’ Compensation Board decision. The grand jurors heard extensive testimony from the defendant, himself, who was given wide latitude in presenting the vast majority of the information he wished to convey. Additionally, they heard from witnesses requested by the defense, concerning, inter alia, the defendant’s medical conditions. They were not denied the opportunity to hear expert medical testimony from the defense.
It must be emphasized, once again, that a Grand Jury proceeding is not a mini-trial and that the District Attorney is not required to present to the Grand Jury all evidence in its possession. If an evidentiary basis can be established, the trial would be the proper forum for the introduction and exploration of the numerous reports cited by the defense.
The defendant makes the additional argument that the evidence before the Grand Jury was not legally sufficient to establish the offenses charged and therefore the indictment must be dismissed. After a careful inspection of the Grand Jury minutes, the court must disagree with the defendant’s argument.
On a motion to dismiss an indictment pursuant to CPL 210.20 (1) (b), the court’s inquiry is limited to the legal sufficiency of the evidence, not to the weight or adequacy of the proof. Legally sufficient evidence is defined in CPL 70.10 and means competent evidence which, if accepted as true, would establish the defendant’s commission of every element of each offense charged. (People v Jensen, 86 NY2d 248, supra; People v Galatro, 84 NY2d 160 [1994].) In the context of the Grand Jury, this means "prima facie”, not proof beyond a reasonable doubt. (People v Jensen, supra; People v Mikuszewski, 73 NY2d 407 [1989].) In determining the sufficiency of the evidence, the court must view it in the light most favorable to the People. Would the evidence viewed in this light, if unexplained and uncontradicted, warrant conviction by a petit jury? (People v Jennings, 69 NY2d 103 [1986].) Notwithstanding the defendant’s arguments to the contrary, the evidence was sufficient to sustain each and every count in the indictment.
The defendant next argues that the indictment must be dismissed pursuant to CPL 210.20 (1) (a) and 210.25 (1) because it is defective in that it does not substantially conform to the requirements of CPL 200.50. CPL 200.50 (7) (a) provides that an indictment must contain a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the of *292 fense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation. It has been held that an indictment must provide the accused with fair notice of the nature of the charges against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer the charges against him and to prepare an adequate defense. (People v Anderson, 173 AD2d 478 [2d Dept 1991]; People v Keindl, 68 NY2d 410, 416 [1986].) Usually, it is sufficient to charge the language of the statute. (People v Anderson, supra; People v Iannone, 45 NY2d 589 [1978].)
The language of the instant indictment, viewed according to these standards, sufficiently conforms to the legal requirements. The defendant’s motion based upon this ground, must therefore be denied.
Lastly, the defendant argues that the indictment must be dismissed in the interest of justice, pursuant to CPL 210.20 (1) (i) and 210.40. A dismissal in furtherance of justice requires that there be some compelling factor which clearly demonstrates that the prosecution or conviction of the defendant would constitute or result in an injustice.
The only point raised by the defendant regarding a dismissal of the indictment on this basis concerns the chilling effect the prosecution of the defendant would have on others who might apply for benefits in the future. Although the defendant does not engage in an analysis of the factors enumerated in CPL 210.40, the court after having done so, must deny the motion.
(A) The Seriousness and Circumstances of the Offense
The charges against this defendant are indeed serious ones. A police officer, sworn to uphold the law, is charged with fraudulently attempting to secure a tax-free, lifetime disability pension. The allegations that he attempted to defraud New York State and Nassau County must be taken seriously.
(B) Extent of Harm Caused by the Offense
The harm allegedly caused was to require the payment of thousands of dollars from government coffers.
(C) Evidence of Guilt
There is considerable evidence of guilt, both real and testimonial.
(D) History and Character of the Defendant
The defendant appears to have no prior convictions.
*293 (E) Serious Misconduct of Law Enforcement Personnel
There appears to be no such misconduct in the instant case.
(F) Potential Punishment to Defendant
This is not a significant factor in the instant motion.
(G) Impact of Dismissal Upon the Confidence of the Public in the Criminal Justice System
A dismissal in furtherance of justice would have a significant impact upon the public’s confidence in our justice system. When a police officer, sworn to enforce the law, is charged with a crime, the public’s confidence in the system is eroded. An outright dismissal of the charges prior to trial would damage this confidence still further.
(H) Impact of Dismissal Upon Safety or Welfare of the Community
This is not a significant factor in the instant motion.
(I) Attitude of the Complainant
This is not a significant factor in the instant motion.
Based upon the foregoing analysis and upon the fact that the court does not view as significant, the "chilling effect” factor cited by the defendant, the motion to dismiss in furtherance of justice is denied.
The defendant’s motion for disclosure of certain statistics is granted to the extent of the information already provided by the People.
Based upon the foregoing, the defendant’s motion to dismiss the instant indictment is denied.