■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON RAJIGAH, Appellant. [697 NYS2d 646] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered July 31, 1998, convicting him of rape in the third degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contention, the trial court did not err in failing to order a *Gomberg* hearing (*see, People v Gomberg,* 38 NY2d 307), since the defendant never demonstrated a "significant possibility" (*People v McDonald,* 68 NY2d 1, 9; *see, People v Lombardo,* 61 NY2d 97, 103) that a conflict of interest existed which "affected, or operated on, or [bore] a substantial relation to the conduct of [his] defense" (*People v Ortiz,* 76 NY2d 652, 657; *see, People v Carlson,* 180 AD2d 743). Indeed, this case did not present a true *Gomberg* situation, but instead involved an application by the defendant to permit his wife to act as co-counsel on his behalf and to testify as a defense witness. Under the circumstances presented, the court properly denied the application (*see,* Code of Professional Responsibility DR 5-101 [B] [22 NYCRR 1200.20 (b)], 5-102 [A] [22 NYCRR 1200.21 (a)]) and instructed the defendant and his counsel to elect the capacity in which the defendant's wife should serve.

The court also properly rejected the defendant's post-verdict motion pursuant to CPL 330.30 to set aside his conviction based on purported violations of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) and *Brady v Maryland* (373 US 83) committed by the Kings County District Attorney's Office in failing to provide the defense with certain documents possessed by the Queens County District Attorney's Office in connection with a separate prosecution of the complainant's father for sexually molesting her. Most of the Queens County documents do not constitute *Rosario* material at all, since they are not statements of the complainant which relate to the subject matter of her testimony at the trial of the defendant (*see, People v Bailey,* 200 AD2d 677; *People v Mobley,* 190 AD2d 821). Moreover, the prosecution is only obligated to turn over *Rosario* materials which "actually are in or subject to the possession or control of the particular prosecution office" (*People v Kelly,* 88 NY2d 248, 252; *see, People v Flynn,* 79 NY2d 879, 882). The defendant has failed to establish that the Kings County prosecutors had actual or constructive possession of any of the items in question, and the mere cryptic reference in the trial court's notes to some degree of coordination between the two District Attorney's Offices is patently inadequate to warrant such a

conclusion (*see generally, People v Berkowitz,* 50 NY2d 333). Similarly, the court was entitled to rely on the prosecutor's unequivocal representation that no additional notes of interviews with the complainant existed (*see, People v Poole,* 48 NY2d 144), and the defendant has come forward with no evidence to the contrary.

The defendant's claims that the indictment contained duplicitive charges and that it failed to afford him with fair notice of all of the charges against him are without merit (*see,* CPL 200.30; *People v Keindl,* 68 NY2d 410; *People v Cosby,* 222 AD2d 690; *People v Anderson,* 173 AD2d 478; *People v Di Noia,* 105 AD2d 799, *cert denied* 471 US 1022).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.