People v Byard (2021 NY Slip Op 03605)





People v Byard


2021 NY Slip Op 03605


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-06591
 (Ind. No. 2617/17)

[*1]The People of the State of New York, respondent,
v
Corey Byard, appellant.


Janet E. Sabel, New York, NY (Dalourny Nemorin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew J. D'Emic, J.), rendered April 18, 2018, convicting him of criminal contempt in the first degree and criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court's inadvertent misstatement during the plea allocution regarding the dates underlying the criminal contempt in the first degree count constituted a nonjurisdictional defect subject to the preservation requirement (see People v Sablan, 177 AD3d 1024, 1026-1027; see generally People v Conceicao, 26 NY3d 375, 382; cf. People v Castillo, 8 NY3d 959, 960-961). The defendant failed to preserve for appellate review this challenge to the plea allocution (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665). In any event, "an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 NY3d 295, 301; see People v Seeber, 4 NY3d 780, 781). Here, the record shows that the defendant entered his plea knowingly, voluntarily, and intelligently (see People v Conceicao, 26 NY3d at 383; People v Harris, 61 NY2d 9, 19; People v Ospina, 175 AD3d 513, 514).
Moreover, the Supreme Court was under no obligation to conduct a sua sponte inquiry as to certain statements made by the defendant at the sentencing proceeding (see People v Brassard, 166 AD3d 1312, 1313; compare People v Pastor, 28 NY3d 1089, 1090-1091). Although the defendant argues otherwise, the statements at issue did not negate any element of the crimes to which he pleaded guilty (see People v Ospina, 175 AD3d at 514).
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court