People v Joseph (2022 NY Slip Op 02282)

People v Joseph

2022 NY Slip Op 02282

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2016-01788
 (Ind. No. 1332/11)

[*1]The People of the State of New York, respondent,
v
Crystal Joseph, appellant.

Patricia Pazner, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani, and Adarna De Frietas of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John LaTella, J.), rendered January 22, 2016, convicting her of burglary in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of burglary in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant was convicted of burglary in the first degree and burglary in the second degree based on her alleged participation in an armed home invasion robbery that occurred in November 2010.
Contrary to the People's contention, the defendant's challenge to the legal sufficiency of her conviction of burglary in the first degree is preserved for appellate review (see CPL 470.05[2]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that she was deprived of a fair trial by certain comments made by the prosecutor is largely unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Wisdom, 164 AD3d 928, 931; People v Tomlinson, 67 AD3d 826). In any event, the prosecutor's remarks were mostly fair comment on the evidence, permissible rhetorical comment, or a fair response to the summation of defense counsel (see People v Thompson, 181 AD3d 833, 835). To the extent that some of the prosecutor's comments during summation were improper, any prejudicial effect was ameliorated by the Supreme Court's instructions to the jury (see [*2]People v Chizor, 190 AD3d 763), and those improper comments were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Thompson, 181 AD3d at 835; People v Wilson, 163 AD3d 881, 882; People v Perdomo, 154 AD3d 886, 886).
As the People concede, the defendant's conviction of burglary in the second degree under Penal Law § 140.25(2), as well as the sentence imposed thereon, must be vacated and that count dismissed as a lesser included concurrent count of burglary in the first degree under Penal Law § 140.30(4) (see CPL 300.40[3][b]; People v Mahon, 188 AD3d 915, 917; People v Ortiz, 170 AD3d 892, 893).
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court