People v Blake (2023 NY Slip Op 00035)

People v Blake

2023 NY Slip Op 00035

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Ind No. 58/07 Appeal No. 17033 Case No. 2018-2770 

[*1]The People of the State of New York, Respondent,
v
Andrew Blake, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Shezza Abboushi Dallal of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about December 22, 2017, which denied defendant's CPL 440.10 motion to vacate a judgment rendered April 7, 2009, unanimously affirmed.
The court properly exercised its discretion in denying defendant's motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]). Regardless of any factual dispute about the existence of a conflict, defendant has provided nothing but speculation to support his claim that the alleged potential conflict operated on the defense.
A defendant whose claim of ineffective assistance of counsel is premised on a potential conflict of interest bears a "heavy burden" of establishing that the potential conflict "actually operated on the defense" (People v Sanchez, 21 NY3d 216, 223 [2013]).
In this case, defendant alleges that his attorney was aware of, and strongly disapproved of, defendant's romantic relationship with the attorney's sister (who was also the attorney's paralegal), and that, based on her resulting antipathy toward her client, she "deliberately sabotaged" his interests in two respects. First, defendant claims that, as a result of her disdain for him, his lawyer chose not to seek suppression of the weapon used in the charged shootings. Second, defendant claims that, as the result of this antipathy, the attorney chose not to submit supporting statements from defendant's parents and sister at sentencing.
Defendant's claim that "the conduct of his defense was in fact affected by the operation of the conflict of interest" (People v Ortiz, 76 NY2d 652, 657 [1990]) is purely speculative. Furthermore, it was refuted by the trial and motion records, including the attorney's affirmation submitted with the People's response to the motion, which clearly showed that counsel had legitimate reasons for each of the strategic choices about which defendant complains. The record also demonstrates that, as the motion court observed, counsel's overall representation of defendant was thorough and diligent, and flatly incompatible with defendant's claim that counsel sought to "sabotage" the case. Thus, defendant's claim that the attorney's alleged disdain for him caused her to make the choices at issue is not only speculative, but totally implausible. Defendant does not provide any reason why his counsel would have selected only the two aspects of the case at issue if her goal was to damage her client's interests.
Defendant contends that he was entitled, at the least, to a hearing to resolve conflicting evidence regarding whether counsel was aware of the relationship between defendant and her sister, and, if so, whether she disapproved of it. The court properly denied the motion without a hearing because, even assuming that counsel knew of the relationship and strongly disapproved of it, defendant failed to show any causal link between these circumstances and any decisions made by counsel.
THIS CONSTITUTES THE DECISION AND ORDER[*2]
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023