People v Beckerman (2023 NY Slip Op 02016)

People v Beckerman

2023 NY Slip Op 02016

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-02329
 (Ind. No. 1585/17)

[*1]The People of the State of New York, respondent,
v
Adam Beckerman, appellant.

John F. Carman, Garden City, NY (Matthew W. Brissenden of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Hilda Mortensen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Teresa K. Corrigan, J.), rendered February 17, 2022, convicting him of attempted criminal tax fraud in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"'[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime'" (People v Byard, 195 AD3d 745, 746, quoting People v Goldstein, 12 NY3d 295, 301). However, "'where a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered'" (People v Douglas, 200 AD3d 795, 795, quoting People v Lopez, 71 NY2d 662, 666). Contrary to the defendant's contention, he did not make any statements during the plea allocution which negated an essential element of the crime of attempted criminal tax fraud in the fifth degree (see People v Duncan, 78 AD3d 1193). Moreover, the defendant's willful conduct may readily be inferred from the conduct to which he admitted during the plea allocution (see People v Lovick, 127 AD3d 1108, 1109).
Further, the defendant's claim of actual innocence was supported only by "generalized and unsubstantiated" assertions which were not sufficient to warrant vacating the plea (People v Ford, 44 AD3d 1070, 1070; see People v Etienne, 193 AD3d 971, 972).
"[V]acatur of a plea is warranted where the defendant demonstrates 'a significant possibility of a conflict of interest . . . bearing a substantial relationship to the conduct of the defense' arising from joint representation of the defendant and another individual" (People v Wentland, 191 AD3d 704, 707, quoting People v Recupero, 73 NY2d 877, 879). Further, when there is a potential conflict of interest, "'it is the defendant's heavy burden to show that a potential conflict actually operated on the defense'" (People v Brown, 33 NY3d 983, 987, quoting People v Sanchez, 21 NY3d 216, 223). Here, while there was a potential conflict of interest based upon the defendant's attorney having previously represented the defendant's wife in connection with the same charges of tax fraud, the defendant failed to demonstrate that the potential conflict actually affected or operated on the [*2]conduct of his defense (see People v Smart, 96 NY2d 793, 795; People v Blake, 212 AD3d 411; People v Goodwine, 46 AD3d 702, 702-703; People v Rajigah, 265 AD2d 580, 581). Thus, the County Court did not err in failing to conduct a Gomberg inquiry (see People v Gomberg, 38 NY2d 307), and the defendant was not entitled to vacatur of the plea based upon the potential conflict.
Contrary to the People's contention, the defendant's argument that his sentence was illegal because the County Court imposed restitution in excess of the $10,000 statutory cap for misdemeanor convictions under Penal Law § 60.27(5)(a) was not subject to the preservation rule or foreclosed by the defendant's appeal waiver (see People v Martinez, 144 AD3d 708). However, the court was authorized to impose an amount of restitution in excess of $10,000, since the defendant consented to that amount (see Penal Law § 60.27[5][a]; People v Simmons, 133 AD3d 896, 897).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court