People v Reyes

2026 NY Slip Op 01994

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Reynaldo Reyes, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2023-09189, 2025-01681, (Ind. No. 70208/19)

Hector D. Lasalle, P.J.

Cheryl E. Chambers

Paul Wooten

Helen Voutsinas, JJ.

Matthew W. Brissenden, Garden City, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and John B. Latella III of counsel), for respondent.

[*1]

DECISION & ORDER

Appeals by the defendant from (1) a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered August 31, 2023, convicting him of robbery in the first degree, robbery in the third degree, petit larceny, and resisting arrest, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed December 11, 2023.

ORDERED that the judgment is modified, on the law, by vacating the convictions of robbery in the third degree and petit larceny, vacating the sentence imposed upon the conviction of petit larceny and the resentence, and dismissing those counts of the indictment; as so modified, the judgment is affirmed; and it is further,

ORDERED that the appeal from the resentence is dismissed as academic in light of our determination on the appeal from the judgment.

On August 31, 2023, the defendant was sentenced, as a persistent violent felony offender, on his convictions of robbery in the first degree, robbery in the third degree, petit larceny, and resisting arrest. On December 11, 2023, the Supreme Court resentenced the defendant as a discretionary persistent felony offender on his conviction of robbery in the third degree.

Both the Federal and New York State Constitutions "guarantee a criminal defendant legal representation that is 'reasonably competent, conflict-free and singlemindedly devoted to the client's best interests'" (People v Payton, 22 NY3d 1011, 1013, quoting People v Harris, 99 NY2d 202, 209; see People v Arevalo, 224 AD3d 768, 769). "Cases addressing the effect of a lawyer's conflict of interest on a defendant's right to the effective assistance of counsel differentiate between actual and potential conflicts" (People v Arevalo, 224 AD3d at 769; see People v Brown, 33 NY3d 983, 987). "'An actual conflict exists if an attorney simultaneously represents clients whose interests are opposed and, in such situations, reversal is required if the defendant does not waive the actual conflict'" (People v Arevalo, 224 AD3d at 769, quoting People v Sanchez, 21 NY3d 216, 223).

"By contrast, a potential conflict that is not waived by the defendant 'requires reversal only if it operates on or affects the defense—i.e., the nature of the attorney-client relationship or [*2]underlying circumstances bear a substantial relation to the conduct of the defense'" (id.). "'The requirement that a potential conflict have affected, or operated on, or borne a substantial relation to the conduct of the defense—three formulations of the same principle—is not a requirement that the defendant show specific prejudice'" (id.). "'Nevertheless, it is the defendant's heavy burden to show that a potential conflict actually operated on the defense'" (id. at 769-770, quoting People v Sanchez, 21 NY3d at 223; see People v Brown, 33 NY3d at 987).

Here, trial counsel did not represent a codefendant or a prosecution witness whose interests actually conflicted with the defendant's interests (see People v Prescott, 21 NY3d 925, 927-928; People v Solomon, 20 NY3d 91, 95-97; People v Ortiz, 76 NY2d 652, 656; People v Arevalo, 224 AD3d at 769). Moreover, the defendant failed to meet the heavy burden to show that a potential conflict actually affected or operated on the conduct of the defense (see People v Smart, 96 NY2d 793, 795; People v Arevalo, 224 AD3d at 769-770; People v Beckerman, 215 AD3d 881, 882; People v Argentina, 27 AD3d 569, 570; cf. People v Ortiz, 76 NY2d at 657). Accordingly, the defendant was not deprived of the effective assistance of counsel.

As the People concede, the defendant's convictions of robbery in the third degree and petit larceny are both lesser included offenses of robbery in the first degree (see CPL 300.40[3][b]; People v Case, 221 AD3d 728, 729-730; People v Lowery, 127 AD3d 1109, 1110). Accordingly, we vacate the convictions of robbery in the third degree and petit larceny and the sentence imposed upon the conviction of petit larceny and the resentence and dismiss those counts of the indictment (see People v Case, 221 AD3d at 729-730; People v Joseph, 204 AD3d 694, 695).

In light of our determination, the defendant's contention regarding the resentence need not be reached.

LASALLE, P.J., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court