■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ORTIZ, Appellant.—Judgment, Supreme Court, Bronx County (Jerome Hornblass, J.), rendered on July 10, 1985, which, after a jury trial, convicted defendant of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and sentenced him to concurrent indeterminate terms of imprisonment of from 4½ to 9 years; and order of the same court, entered on or about February 3, 1989, denying defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, both unanimously affirmed.

The trial court properly denied defendant's CPL 440.10 motion to set aside the judgment of conviction, alleging ineffective assistance of counsel due to a conflict of interest. Counsel, during trial, was allegedly told, under privilege, by a defense witness who also was a former client, that he was the possessor of the narcotics, rather than the defendant. Although counsel's knowledge of this information could establish that a conflict of interest existed, defendant failed to show that it "operated" or otherwise bore a substantial relation to the conduct of the defense. *(People v Recupero,* 73 NY2d 877, 879.)  The witness's confession could not have been brought before the jury because the witness indicated to counsel that he would assert his Fifth Amendment right and counsel would have been precluded from divulging the statement because of the attorney/client privilege. Thus, we reject defendant's

claim that he was precluded from obtaining new counsel, the only prejudice alleged as a result of the conflict, when new counsel would have, likewise, been unable to put the witness's confession before the jury.

Defendant's guilt was proven beyond a reasonable doubt. The conflict between the officer's testimony that defendant maintained the drugs on a cement pillar and the defense witnesses' testimony that the drugs were on the stoop was a matter of credibility for the jury. *(See, People v Sui Wah Tse,* 91 AD2d 350, 352, *lv denied* 59 NY2d 679.)* Despite photographic evidence of the scene that supported the testimony of the defense witnesses, the jury either credited the officer's testimony that the building's stoop had been renovated or found the conflict immaterial, since the drugs were somewhere on the stoop and easily within defendant's grasp from either location.

Defendant's remaining arguments have been considered and have been found to be without merit. Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Rosenberger, JJ.