OPINION OF THE COURT
Kaye, J.
During defendant’s trial on drug possession charges, a former client privately confessed to trial counsel that the drugs defendant was charged with having possessed were not defendant’s, but that he was the "owner and possessor of those drugs” and defendant "really had nothing to do with that.” In an effort to accommodate both individuals, trial counsel then put the former client on the witness stand as part of the defense case, and the witness exculpated defendant but also perjuriously exculpated himself. In these circumstances, we agree with defendant that counsel did not serve defendant’s interests with the single-minded devotion constitutionally required for effective assistance of counsel, and that counsel’s divided loyalty affected the conduct of the defense. We therefore reverse defendant’s conviction and order a new trial.
*654 I.
Defendant was arrested on August 2, 1984, and charged with two counts of criminal possession of a controlled substance in the third degree. At trial, the main prosecution witnesses were the two arresting officers, who testified that while on patrol in The Bronx in an unmarked car they saw defendant, standing on the front stoop of a building, take a glassine envelope out of a grey pouch and hand it to another man. When the police approached, the man and his companion walked away. The officers looked in the grey pouch, saw drugs, and arrested defendant.
During defendant’s trial, a question arose about the configuration of the building stoop, and defense counsel visited the premises to take photographs. Later that same day, John Gonzalez, a former client, came to counsel’s office. In the presence of two employees, Gonzalez told counsel that when he saw him at the building taking photographs, he realized that he was a witness. Stating that "I can trust you” because "you’re my lawyer,”[1] Gonzalez then admitted to the attorney that he, and not defendant, was the owner and possessor of the drugs. Gonzalez further described how he had cautioned defendant to leave when he saw what he recognized as a police car approaching, but that defendant failed to do so and was arrested. Gonzalez informed counsel that, if called to testify and questioned about his confession, he would invoke his privilege against self-incrimination.
Trial counsel did not reveal Gonzalez’s statement to the court, but instead called Gonzalez as a defense witness. Gonzalez testified that, as a passerby at the arrest scene, he saw defendant descending the steps, that he saw several other men closer to the bag that contained the drugs, and that the other men ran or walked away when the arresting officers pulled up in an unmarked car. This testimony corroborated the testimony of another defense witness that defendant had gone to that building to repay a loan and was arrested as he was leaving; defendant himself (through an interpreter) testified to this same effect. Gonzalez further testified — falsely in light of
*655 his confession to counsel — that he was near the arrest scene because he had been playing ball down the street and was on his way to buy soda. After lengthy deliberations, the jury found defendant guilty of two counts of possession.
At sentencing, trial counsel for the first time revealed that another person had confessed to having owned and possessed the drugs, and suggested that as one of several reasons justifying a short sentence. However, it did not become evident until a postconviction hearing two years later that the person counsel had referred to was Gonzalez.
At the CPL 440.10 hearing, trial counsel testified that he regarded Gonzalez (though refusing to name him, on grounds of attorney-client privilege) as a client at the time of defendant’s trial, but had not perceived any conflict of interest. Counsel testified that he did not examine Gonzalez about his confession at the trial or take the stand himself to recount the confession because he did not think the jury would have believed such testimony, because he would have violated his obligations to Gonzalez, and because Gonzalez had told him that he would not recount his confession in court. Counsel further testified that he had informed defendant that another client had confessed to owning the drugs (although not that Gonzalez was the person), that he had advised defendant it was not likely that the jury would believe that such a confession had been made, and that the "strategy” of calling Gonzalez as a defense witness had been discussed with defendant.
Both the trial court and the Appellate Division rejected defendant’s claims that he was denied effective assistance of counsel, holding that any conflict was not shown to have prejudiced defendant. As expressed by the Appellate Division: "The witness’s confession could not have been brought before the jury because the witness indicated to counsel that he would assert his Fifth Amendment right and counsel would have been precluded from divulging the statement because of the attorney/client privilege. Thus, we reject defendant’s claim that he was precluded from obtaining new counsel, the only prejudice alleged as a result of the conflict, when new counsel would have, likewise, been unable to put the witness’s confession before the jury.” (156 AD2d 222.)
We now reverse.
II.
The State and Federal constitutional right to counsel, so *656 fundamental to our form of justice, is the right to effective assistance of counsel, meaning the reasonably competent services of an attorney devoted to the client’s best interests. The right to effective assistance of counsel encompasses the right to conflict-free counsel (People v McDonald, 68 NY2d 1; People v Salcedo, 68 NY2d 130, 135); in another context we have noted our assumption that counsel’s devotion to a client’s interests will be " 'single-minded’ ” (People v Darby, 75 NY2d 449, 454).
While defendant argues that trial counsel committed several breaches of the Code of Professional Responsibility, particularly in eliciting false testimony, our concern on this appeal is not with any professional impropriety but with whether defendant received the effective assistance of counsel guaranteed him by the State and Federal Constitutions. We conclude that he did not.
A lawyer simultaneously representing two clients whose interests actually conflict cannot give either client undivided loyalty. Thus, the right to effective assistance of counsel has been violated when a lawyer represented both a defendant and the chief prosecution witness (People v Wandell, 75 NY2d 951, 953), or a defendant accused of crime and the victim of that crime (People v McDonald, 68 NY2d 1, 9, supra). The same has been true when law partners represented two codefendants, one of whom pleaded guilty and agreed to testify against the other (People v Mattison, 67 NY2d 462, 470).
The possibility that a lawyer may give one client less than undivided loyalty because of obligations to another client can also exist when the conflicting representations are not simultaneous. Even though a representation has ended, a lawyer has continuing professional obligations to a former client, including the duty to maintain that client’s confidences and secrets (People v Alicea, 61 NY2d 23, 29), which may potentially create a conflict between the former client and a present client. Such a conflict is called potential not because the clients’ conceivable interests are less than completely adverse, but because — the former representation having ended — the conflict may never actually arise during the existing attorney-client relationship.
In that a conflict may never in fact arise, a defendant urging that a conviction should be overturned on account of counsel’s relationship with a former client must do more than show a substantial possibility that defendant’s interests poten *657 tially conflicted with those of the lawyer’s former client. In order to prevail on such a claim of ineffective assistance of counsel, defendant must show that "the conduct of his defense was in fact affected by the operation of the conflict of interest,” or that the conflict "operated on” the representation (People v Alicea, 61 NY2d, at 31, supra). We have, alternatively, phrased this requirement as one that the potential conflict have borne a substantial relation to the conduct of the defense (People v Recupero, 73 NY2d 877, 879). Notably, the requirement that a potential conflict have affected, or operated on, or borne a substantial relation to the conduct of the defense — three formulations of the same principle — is not a requirement that defendant show specific prejudice (People v Alicea, 61 NY2d, at 30, n, supra).
Here, there was a potential conflict between defendant’s interests and those of Gonzalez. Defense counsel clearly felt a continuing duty to preserve Gonzalez’s confidences and secrets, and Gonzalez as evidently expected that he would do so. It is equally clear that Gonzalez’s interest was adverse to defendant’s, since Gonzalez admitted having committed the offense for which defendant was being prosecuted.
The Appellate Division held that defendant failed to show that this potential conflict affected the conduct of his defense, reasoning that Gonzalez’s confession could not have been brought before the jury because Gonzalez would have asserted his Fifth Amendment privilege if questioned about it, and trial counsel was precluded from testifying to their conversation by the attorney-client privilege. The court rejected defendant’s claim because he could not establish prejudice, in that new counsel would also have been unable to put Gonzalez’s confession before the jury.[2]
The Appellate Division erred in focusing its inquiry on the question whether a different attorney could have put Gonzalez’s confession before the jury. Instead, the focus should be on whether the potential conflict affected the conduct of the defense. In that the court failed to apply the proper legal standard, we are not bound by the finding that counsel’s conflict did not in fact operate on the conduct of the defense (see, People v Alicea, 61 NY2d 23, 31, supra).
*658 Here we conclude that the potential conflict affected the conduct of the defense. Trial counsel’s decision to call Gonzalez as a defense witness was a product of the conflict. On one hand, his duty to defendant required him to make what use he could of Gonzalez’s testimony to exculpate defendant, but on the other hand, he was obligated to maintain Gonzalez’s confidences and secrets. He therefore put Gonzalez on the stand to exculpate defendant but in the process elicited false testimony. An attorney not laboring under the conflict would not have made that choice. If unaware of Gonzalez’s involvement, such an attorney obviously would not have called Gonzalez to the stand. If aware of Gonzalez’s involvement, the attorney could have made efforts to put the facts before the jury. Indeed, defense counsel himself testified that an attorney who represented only defendant could have subpoenaed Gonzalez and the persons to whom the confession was made in an effort to inform the jury of that confession. Whether or not those efforts would have succeeded, it is clear that the conduct of the defense would have been different in the absence of trial counsel’s continuing professional responsibilities to Gonzalez.
We reject the People’s suggestion that defendant actually benefited by being represented by the same attorney who represented Gonzalez, since a different attorney in all likelihood would not have obtained Gonzalez’s testimony corroborating defendant’s own version of events. Gonzalez’s testimony was partly false, and a premise of our jury system is that jurors can detect false testimony. We are unwilling to conclude that defendant was benefited by having perjured testimony presented on his behalf.
In sum, defendant has amply demonstrated that the potential conflict between his interests and those of counsel’s former client affected the conduct of his defense. Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

. In his testimony at the CPL 440.10 hearing, counsel was not entirely certain of his relationship with Gonzalez at the time of trial, but did recall that he had no pending or subsequent matters for Gonzalez. The trial court and Appellate Division treated the relationship as one with a former client, and we proceed on that basis, noting that in this case the result is the same whether defendant was trial counsel’s present or former client.

. The trial court, as a basis for its decision, referred to the "advised consent of the defendant” in calling Gonzalez. Even if the conflict could have been waived, there is no showing here that full disclosure was made to defendant or informed consent given.