■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO GONZALEZ, Appellant.—Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Owens, J.), rendered July 9, 1984, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, entered October 18, 1988, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction. By decision and order dated April 2, 1990, this court held the appeals in abeyance and remitted the matter to the Supreme Court, Kings County, to hear and report on the defendant's motion pursuant to CPL 440.10 *(see, People v Gonzalez,* 160 AD2d 724). The Supreme Court (Rappaport, J.), has now complied. Presiding Justice Mangano has been substituted for former Justice Brown *(see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment and the order are affirmed.

The primary issue presented on these appeals is whether the defendant was deprived of the effective assistance of counsel because his trial attorney also represented Robert Vigo, a potential prosecution witness, in an unrelated criminal matter. Counsel's representation of Robert Vigo coincided for a short while with his representation of the defendant in the instant matter. In *People v Ortiz* (76 NY2d 652), the Court of Appeals recognized that "the State and Federal constitutional right to counsel, so fundamental to our form of justice, is the right to effective assistance of counsel, meaning the reasonably competent services of an attorney devoted to the client's best interests". The court noted that a defendant's right to effective assistance of counsel could be jeopardized when his or her lawyer simultaneously represents two clients whose interests actually conflict: for example, where the lawyer represents both a defendant and a chief prosecution witness *(see, People v Ortiz, supra,* at 658). However, in order to prevail on such a claim of ineffective assistance of counsel, the defendant must show that the conflict bears a substantial relation to the conduct of his defense *(see, People v Ortiz, supra,* at 657; *see also, People v Alicea,* 61 NY2d 23). We find that the hearing court correctly held that the defendant failed to make such showing.

The evidence adduced at the hearing on the defendant's motion pursuant to CPL 440.10 demonstrated that after interviewing Vigo in connection with the defendant's case, the attorney decided he would not call Vigo as a defense witness. Vigo told the attorney that he witnessed the crime, a double homicide in a social club in Brooklyn. Vigo saw the defendant with a gun and heard several shots fired after which two people were left dead. Vigo did not see anyone else with a gun. Vigo told the attorney he had not testified before the Grand Jury, and, after Vigo gave the attorney his assurances, the attorney was confident that Vigo would not testify for the People. The attorney testified at the hearing that, at the time, he felt that his representation of both Vigo and the defendant did not present a problem. It was not until the *Wade* hearing held in connection with this case, when the attorney learned that the People intended to call Vigo as their witness, that he realized a potential conflict existed. When he informed the court of the potential conflict, the court precluded the People from calling Vigo as a witness.

Contrary to the defendant's assertions on appeal, it is clear that the attorney's conflict in representing both Vigo and the defendant did not influence his decision not to call Vigo as a defense witness. After interviewing Vigo, the attorney realized his testimony would hurt the defendant's case. After the attorney brought this matter to the trial court's attention at the *Wade* hearing, the trial court effectively eliminated any potential conflict by ruling that the People could not call Vigo as their witness.

We further find, contrary to the defendant's assertion, that the evidence, the law and the circumstances of this case, viewed together and as of the time of representation, reveal that meaningful representation was provided to the defendant *(see, People v Baldi,* 54 NY2d 137; *People v Beckum,* 156 AD2d 571). Although the attorney opened the defendant's case by pursuing a self-defense theory but then closed by arguing reasonable doubt, this shift in strategy was the result of the defendant's sudden change of heart about taking the stand, made at the very last moment, and contrary to his attorney's advice.

We have reviewed the defendant's remaining claims of the ineffective assistance of counsel as well as his other claims on appeal and find them to be unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Rosenblatt and Eiber, JJ., concur.