■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID JONES, Respondent.—Order, Supreme Court, Bronx County (Lawrence Bernstein, J.), entered December 19, 1990, which granted defendant's motion to reargue his motion to vacate his conviction of criminal possession of a weapon in the third degree and, upon reargument, vacated the conviction and ordered a new trial, unanimously affirmed.

Defendant was charged with criminal possession of a weapon in the third degree based on police evidence that he had been seen throwing a 9 mm automatic weapon into the trunk of his car, from which it was immediately recovered by the police. At trial, the defense presented two witnesses who testified that they had witnessed the arrest and, in contradiction to the police account, stated that the police had first put several men up against the car and then had themselves opened the trunk of the car with the keys and removed the guns. The third defense witness, Patrick Miller, had been arrested at the same time as defendant, but the charges against him were subsequently dropped. Before Miller testified, defendant's trial attorney informed the court that he had represented Miller on the within charges before they were dropped and the court assigned a separate attorney to represent Miller before he testified. According to Miller's testimony, on the night of the arrest, he had borrowed defendant's car and had given a ride to one Anthony Jenkins, who was in possession of two guns, which Jenkins may have slipped into the trunk of defendant's car through an opening in the back seat. According to Miller, defendant, who had not been in the car, did not know about the guns.

Defendant was convicted of possession of the 9 mm weapon and acquitted of possession of the second gun. After sentencing, he moved to vacate his conviction based on an affidavit, which was jointly signed by three persons, stating that Miller had admitted in their presence that he had committed perjury during the trial, and that it was, in fact, he who had owned and possessed the pistol which defendant was convicted of possessing, and that he had thrown it in the trunk of defendant's car at the time the men were arrested. According to this joint affidavit, Miller had made such admissions at the office of defendant's new attorney and had also stated that defendant's trial attorney had known the true story but had kept it in confidence because he had also represented Miller after he was arrested. Upon the court's request, an affidavit by defendant's trial attorney was submitted, in which he stated that, at the request of defendant, he had represented Patrick

Miller at arraignment and at Miller's first court appearance, at which time the charges against him were dropped. Citing attorney-client privilege, the attorney declined "to relate anything Mr. Miller may have told me relative to this matter."

Defendant's original motion to set aside the verdict under CPL 440.10 was denied, but after the decision of the Court of Appeals in *People v Ortiz* (76 NY2d 652), the trial court granted reargument and, upon reargument, vacated the conviction on the ground that the proof submitted by defendant demonstrated the existence of a conflict of interest which necessarily affected the conduct of the defense.

We find that the vacatur of the conviction should be affirmed. The evidence submitted by defendant was clearly sufficient to establish the fact of dual representation, the fact that former codefendant Patrick Miller testified at defendant's trial, and the substance of that testimony. The prosecution argues that the evidence presented on the motion was not sufficiently reliable to establish that Miller, as alleged, had actually ever told trial counsel that it was he who had possessed the guns. However, under the circumstances of this case, this fact is not controlling. Trial counsel herein, whether or not he was privy to Miller's alleged confidences, had a continuing professional obligation "not to take any action which would be adverse to [Miller's] interests" *(People v Alicea,* 61 NY2d 23, 30). An unconflicted attorney in the same position may well have approached the defense differently with respect to matters such as an investigation for evidence of Miller's guilt, the nature of his examination of Miller, and his commentary on Miller's testimony in summation. In any event, such an attorney would have been free to make an independent decision on whether to rely on Miller's testimony as a whole or to focus the questioning or argument on the supposition that Miller's version of the events may have been only a half truth. Because of his obligations to Miller, defense counsel herein was not in a position to present defendant's defense independently of, rather than in tandem with, Miller's claim of innocence. Under these circumstances, we find that the court below did not err in finding that counsel's dual loyalty to his two clients created a conflict of interest which impacted upon the conduct of the defense, thereby depriving defendant of the effective assistance of counsel, and the verdict was properly set aside *(see, People v Ortiz, supra).* Concur —Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.