■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMI LEKA, Appellant. [619 NYS2d 144] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered May 31, 1990, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated October 7, 1991, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction. The appeal from

the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and order are affirmed.

The hearing court properly declined to suppress the proposed identification testimony of the eyewitnesses. Contrary to the defendant's claim, the photographic array was not suggestive and did not draw the viewer's attention to the defendant's photograph. Even if the other men depicted in the photographic array were of Hispanic origin, they were similar in appearance to the defendant, who is Albanian, insofar as each had dark hair and eyes, a mustache, some facial hair on their chins, and a prominent nose. Further, all but one of the men in the photographic array had a dark skin tone similar to the defendant's skin tone (see, People v Ahmed, 173 AD2d 546). As conceded by the defendant, there is no requirement that a defendant be surrounded by individuals nearly identical in appearance during identification procedures (see, People v Chipp, 75 NY2d 327, 336, cert denied 498 US 833; People v Henderson, 170 AD2d 532, 533).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

The defendant also contends that the Supreme Court erred in denying, without a hearing, his motion to set aside the verdict pursuant to CPL 330.30 and his motion to set aside the judgment pursuant to CPL 440.10, both of which raised claims of ineffective assistance of counsel due to a conflict of interest and newly discovered evidence. Initially, we note that the defendant's claim of ineffective assistance of counsel raised in his motion to set aside the verdict was based on matters outside the record. Thus, that branch of the motion was not properly made pursuant to CPL 330.30 (1), which requires that the grounds for setting aside the verdict appear in the record (see, People v Knox, 134 AD2d 704). Accordingly, the Supreme Court erred in entertaining that branch of the defendant's motion. Similarly, the Supreme Court erred in denying that

branch of the defendant's motion to set aside the judgment which raised an ineffective assistance of counsel claim on the ground that the claim was directly appealable.

Nevertheless, we have reviewed all of the defendant's moving papers and find that no evidentiary hearing on the defendant's claim of ineffective assistance of counsel is warranted since the moving papers failed to allege any prejudice as a result of trial counsel's alleged conflict of interest. A defendant is only entitled to a vacatur of his judgment of conviction based upon a potential conflict of interest when his defense was affected by the conflict *(see, People v Alicea,* 61 NY2d 23, 31; *People v Gonzalez,* 180 AD2d 816). Here, the moving papers established that trial counsel's failure to call the defendant's alibi witnesses was part of a reasonable trial strategy. Accordingly, since the moving papers failed to allege all of the essential facts to support the defendant's claim, denial of the claim without a hearing was appropriate *(see,* CPL 440.30 [4] [b]).

Additionally, the trial court properly exercised its discretion in summarily denying those branches of the defendant's post-trial motions which alleged newly-discovered evidence. The allegations set forth in the moving papers failed to meet the requirements for newly-discovered evidence *(see, People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950). Thus, the moving papers failed to allege all of the essential facts to support the defendant's claim of newly-discovered evidence and the claim was properly denied without a hearing *(see,* CPL 330.40 [2] [e]; 440.30 [4] [b]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Friedmann and Goldstein, JJ., concur.