OPINION OF THE COURT
 

 Ciparick, J.
 

 This joint appeal presents us with two distinct attorney conflict situations and defendants’ claims that such conflicts deprived them of their constitutional right to effective assistance of counsel. Defendant Lawrence Harris maintains that his attorney’s pretrial concurrent representation of a confiden
 
 *208
 
 tial informant, a key prosecution witness, was a conflict of interest that deprived him of effective assistance of counsel. Defendant Anthony Wright maintains that his attorney’s prior representation of another prosecution witness, James Hill, created a conflict not obviated by Hill’s consent to be cross-examined at trial by the attorney, and was further compounded by the Trial Judge’s failure to conduct an inquiry into the conflict. We conclude, under the circumstances presented here, that neither alleged conflict deprived defendants of effective assistance of counsel.
 

 Defendants additionally contend that the trial court erred by refusing to remove a seated juror who expressed concern for her safety, and by holding an in camera hearing outside of defendants’ presence as to that juror’s fitness to serve. We perceive no error.
 

 Between January and April of 1996, defendants engaged in the sale of crack cocaine from the home of James Hill and Sharon Cannizzo. Pursuant to their arrangement, defendants supplied the crack cocaine, and Hill and Cannizzo interacted with the customers. After their arrests, Hill and Cannizzo entered into cooperation agreements with the prosecution and testified against the defendants both before the grand jury and at trial.
 

 A confidential informant also testified against the defendants pursuant to a cooperation agreement. The confidential informant had purchased cocaine from Hill on three occasions by executing “controlled buys” in conjunction with a police investigation.
 

 An alleged conflict arose when defendant Harris’s pretrial attorney, Michael Albanese, simultaneously represented the confidential informant on unrelated charges. Upon discovering the “conflict” midtrial, when the informant’s name was revealed, trial counsel, William Lorman, brought it to the court’s attention, whereupon the court conducted an inquiry of Albanese. During the inquiry it was revealed that Albanese was unaware that he concurrently represented the informant from September or October 1996 through February or March 1997, and defendant Harris from August 1996 through January 1997.
 
 [1]
 
 At the time Albanese began representing the confidential informant, he already had entered into a coopera
 
 *209
 
 tion agreement with the District Attorney and had testified against Harris and Wright before the grand jury in July of 1996. The same District Attorney prosecuted both the informant and Harris and failed to reveal the conflict to Albanese or the court, also claiming unawareness of the conflict. Following the inquiry, County Court denied Harris’s motion for a mistrial.
 

 Defendant Wright’s trial attorney, Fulton County Public Defender William Martuscello, had previously represented the prosecution witness, James Hill, on an unrelated matter. Before cross-examining Hill, the attorney, in defendant’s presence, elicited the fact of his prior representation on the record and obtained Hill’s consent to use any privileged information acquired as a result of the representation. Martuscello then proceeded with his questioning.
 

 Defendants were each convicted of criminal possession of a controlled substance in the first degree, criminal facilitation in the second degree, conspiracy in the second degree, three counts of criminal sale of a controlled substance in the third degree and three counts of criminal facilitation in the fourth degree and were sentenced to consecutive prison terms for those crimes.
 

 The Appellate Division modified the judgments in the interest of justice by directing that all sentences run concurrently, and, as so modified, affirmed. The Appellate Division rejected Harris’s ineffective assistance claim, concluding that his representation was not negatively impacted where his attorney was not aware of any conflict, and it held that Wright faced no conflict where his attorney’s former client consented to the cross-examination. A Judge of this Court granted leave to appeal and we now affirm.
 

 Ineffective Assistance of Counsel
 

 The first issue we address is whether defendant Harris was denied effective assistance of counsel by Albanese’s unknowing simultaneous representation of the confidential informant.
 

 Both the Constitution of the United States and the New York State Constitution ensure the right to effective assistance of counsel
 
 (see
 
 US Const 6th Amend; NY Const, art I, § 6). Effective assistance is “representation that is reasonably competent, conflict-free and singlemindedly devoted to the client’s best interests”
 
 (People v Longtin,
 
 92 NY2d 640, 644 [1998], citing
 
 People v Ortiz,
 
 76 NY2d 652, 656 [1990]).
 

 
 *210
 
 To prevail on an ineffective assistance of counsel claim, a defendant must first demonstrate the existence of a potential conflict of interest
 
 (see People v Ortiz,
 
 76 NY2d 652, 656-657 [1990]). Then, the “defendant must show that ‘the conduct of his defense was in fact affected by the operation of the conflict of interest,’ or that the conflict ‘operated on’ the representation”
 
 (People v Ortiz,
 
 76 NY2d 652, 657 [1990], quoting
 
 People v Alicea,
 
 61 NY2d 23, 31 [1983];
 
 see also People v Longtin,
 
 92 NY2d 640, 644 [1998]).
 

 “A lawyer simultaneously representing two clients whose interests actually conflict cannot give either client undivided loyalty”
 
 (People v Ortiz,
 
 76 NY2d 652, 656 [1990]). In the context of joint representation of codefendants, once the presence of an actual conflict situation is established, “prejudice is presumed, for ‘courts will not enter into “nice calculations” as to the amount of prejudice resulting from the conflict’ ”
 
 (People v Mattison,
 
 67 NY2d 462, 468 [1986], quoting
 
 People v Gomberg,
 
 38 NY2d 307, 312 [1975]).
 

 Whether a conflict operates on the defense is a mixed question of law and fact
 
 (see People v Ming Li,
 
 91 NY2d 913, 917-918 [1998]; see
 
 also People v Berroa, 99
 
 NY2d 134 [decided today]). Here, there is record support for the Appellate Division’s conclusion that the potential conflict did not operate on the attorney’s representation, and as such, the determination is beyond our further review. Albanese was unaware that the confidential informant was cooperating against Harris and although he advised the informant to continue cooperating with the District Attorney’s office — clearly contrary to the interests of defendant Harris — the representation was not affected by the potential conflict. The grand jury testimony had been given before Albanese began his representation of the informant, and during Albanese’s brief pretrial representation of Harris, he never learned the identity of the informant in the Harris case.
 

 Typically, a conflict requiring reversal exists when defense counsel simultaneously represents defendant and the primary prosecution witness
 
 (see e.g. People v Wandell,
 
 75 NY2d 951 [1990]). However, unlike this case, in
 
 Wandell
 
 both defense counsel and the prosecutor were aware of the conflict and failed to disclose it to the court. Here, although the interests of the defendant and the informant were materially divergent, the record supports the lower courts’ conclusion that defense counsel’s unawareness of the potential conflict precludes a finding that he was somehow inhibited in single-mindedly
 
 *211
 
 pursuing Harris’s best interests during the course of the representation. Put another way, there is nothing in the record to suggest that had Albanese earlier learned of the representation and withdrawn as Harris’s attorney, subsequent counsel would have defended him in some more vigorous, less inhibited manner.
 

 While generally both defense counsel and the prosecution had a duty to recognize potential conflict situations, and neither side apparently was aware of the conflict, what is significant is that the conflict did not operate on defense counsel’s representation. Reversal of Harris’s conviction therefore is not required.
 

 There similarly is record support for the lower courts’ conclusion that Wright was not deprived of effective assistance of counsel. Wright has demonstrated the existence of a potential conflict of interest since his trial attorney, Martuscello, previously represented an important prosecution witness
 
 (see People v Ortiz,
 
 76 NY2d at 656-657). However, the record supports the conclusion that the potential conflict did not operate on the defense. Here, Hill expressly consented to cross-examination by his former attorney, who questioned Hill concerning his prior felony convictions and his motivation for testifying. His waiver of the attorney-client privilege terminated any duty of confidentiality owed to him by Martuscello and Hill’s consent to cross-examination obviated any potential conflict
 
 (see People v Lombardo,
 
 61 NY2d 97, 103 [1984]). Hill had also been fully cross-examined by codefendant Harris’s attorney, William Lorman.
 

 Defendant Wright further contends that County Court erred by not conducting an inquiry into Martuscello’s previous representation of Hill. A trial judge who is aware of a situation where a conflict may exist has an obligation to “conduct a record inquiry of each defendant whose representation is potentially conflict-ridden in order to ascertain whether he or she lias an awareness of the potential risks involved in that course and has knowingly chosen it’ ”
 
 (People v McDonald,
 
 68 NY2d 1, 8 [1986], quoting
 
 People v Gomberg,
 
 38 NY2d at 313-314). However, the failure to make such an inquiry is reversible error only when defendant has established the existence, or probable existence, of a conflict of interest, “which bears a substantial relation to ‘the conduct of the defense’ ”
 
 (McDonald,
 
 68 NY2d at 9, quoting
 
 People v Lombardo,
 
 61 NY2d 97, 103 [1984]). Since there is no indication here that the potential conflict bore a “substantial relation” to the representation, the
 
 *212
 
 trial court did not commit reversible error, although the better practice would have been to conduct a hearing
 
 (see Mickens v Taylor,
 
 535 US 162, 173-174 [2002]).
 

 In short, neither defendant Harris nor defendant Wright was denied effective assistance of counsel given that in both cases the alleged conflicts of interest did not impact adversely on the defense. Defendants, thus, did not suffer a Federal Sixth Amendment violation or a state constitutional violation based on ineffective assistance of counsel.
 

 Juror Disqualification
 

 Defendants also assert that it was error for the court to hold an in camera hearing as to a seated juror’s fitness to serve outside of their presence, and in not disqualifying the juror. Although a defendant has a statutory right to be “personally present during the trial of an indictment” (CPL 260.20), this right is only a qualified right when the proceedings involved are ancillary, rather than a material part of the trial
 
 (see People v Morales,
 
 80 NY2d 450, 457 [1992]). We have previously held that an in camera hearing to determine a sworn juror’s fitness to continue to serve is an ancillary proceeding
 
 (see People v Mullen,
 
 44 NY2d 1, 5-6 [1978]). When the proceeding is ancillary to the trial, we must determine the impact defendant’s absence had on his or her ability to defend
 
 (see id.; see also People v Aguilera,
 
 82 NY2d 23, 34 [.1993]). The defendant’s presence is only necessary “where defendant has something valuable to contribute”
 
 (Morales,
 
 80 NY2d at 456).
 

 In this case, the presence of both defense counsel at the hearing was sufficient to ensure that the defendants received a “fair and just hearing”
 
 (see People v Mullen,
 
 44 NY2d at 6). Whether a seated juror is grossly unqualified to serve is a legal determination
 
 (see Morales,
 
 80 NY2d at 457), and as such the presence of counsel at a hearing to determine a juror’s qualification is adequate.
 
 [2]
 

 The standard for the disqualification of a seated juror has been codified at CPL 270.35. A sworn juror must be discharged when facts come to light, which were not known at the time the jury was empaneled, indicating that the juror is “grossly unqualified to serve”
 
 (see
 
 CPL 270.35 [1]). The court should
 
 *213
 
 conduct a “probing and tactful inquiry” into the facts of the situation and, in determining whether the juror’s state of mind will bear upon his or her deliberations, should carefully weigh the juror’s responses and demeanor
 
 (see People v Buford,
 
 69 NY2d 290, 299 [1987];
 
 see also People v Rodriguez,
 
 71 NY2d 214, 219 [1988]). In determining that a juror is grossly unqualified, the court “must be convinced that the juror’s knowledge will prevent her from rendering an impartial verdict”
 
 (Buford,
 
 69 NY2d at 299;
 
 see also People v Johnson,
 
 87 NY2d 1006, 1008 [1996]).
 

 In this case, there is no indication that the juror’s concern for her personal safety rendered her grossly unqualified to serve. While the juror felt “a teeny bit of concern for safety” based on a discrete incident that occurred before she was sworn, she assured the court that she would not allow her concern to play any part in her verdict. The court inquired if she could convince the attorneys, “that this situation that you’ve described has no impact on you and that you can absolutely sit in the jury box and keep an open mind and listen to the evidence and base your verdict solely on the evidence.” The juror unequivocally responded, “Yes.” The court made a probing and tactful inquiry into the juror’s concerns and correctly determined that the juror was not grossly unqualified to serve.
 

 Defendants’ remaining contentions are likewise without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
 

 In each case: Order affirmed.
 

 [1]
 

 . Defendant Harris was represented by three attorneys in this matter. After Michael Albanese, defendant was briefly represented by a second attorney until the attorney who represented him at trial, William Lorman, was substituted on May 13, 1997.
 

 [2]
 

 . The
 
 disqualification of a seated juror presents a different issue than the issue addressed in
 
 People v Antommarchi
 
 (80 NY2d 247 [1992]).
 
 Antommarchi
 
 held that a defendant must be present during voir dire of
 
 prospective jurors
 
 to be able to hear and evaluate their responses to questions concerning their ability to be fair and impartial
 
 (see id.
 
 at 250).