■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MUNDO, Appellant. [784 NYS2d 504]—

Order, Supreme Court, New York County (Bruce Allen, J.), entered on or about July 21, 2003, which denied defendant's CPL 440.10 motion to vacate his judgment of conviction, rendered November 1, 1999, convicting him, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.

Although prior to the Supreme Court arraignment defendant's first retained attorney had simultaneously represented defendant and his two codefendants, while negotiations for a global disposition of the matter were underway, and this attorney recommended that defendant not testify before the grand jury, defendant has failed to demonstrate that any conflict of interest affected, operated on or bore a substantial relation to the conduct of his defense (see People v Harris, 99 NY2d 202, 210 [2002]; People v Ortiz, 76 NY2d 652, 657 [1990]; see also Winkler v Keane, 7 F3d 304 [2d Cir 1993], cert denied 511 US 1022 [1994]). The record establishes that testimony by defendant before the grand jury would not have been a plausible alternative strategy (see Kohler v Kelly, 890 F Supp 207, 216 [1994], affd 58 F3d 58 [2d Cir 1995], cert denied 516 US 995 [1995]). Furthermore, defendant's conclusory assertions failed to show that counsel's sound recommendation to defendant that he not testify was anything other than an act aimed solely at the single-

minded representation of defendant's best interests. Even if the recommendation had been intended to preserve the negotiations for the global disposition of the charges as to all defendants, such consideration was not affected by any conflict, since the proposed disposition, had it been implemented, would have resulted in the dismissal of all charges against defendant. There is no reason to believe that, had defendant and his codefendants been represented by separate counsel at the preindictment stage, the events would have unfolded differently. Concur—Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Marlow, JJ.