OPINION OF THE COURT
Matthew J. D’Emic, J.
*626 Defendant moves pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that he was denied effective assistance of counsel.
Defendant was convicted, after a jury trial, of burglary in the second degree, criminal contempt in the first degree, and two counts of assault in the third degree. The conviction was affirmed by the Appellate Division, Second Department, but remitted for resentencing (People v Crowder, 10 AD3d 730 [2004]).
Prior to trial, defendant moved the court for substitution of counsel, which was denied. Sometime after the trial began, he filed a complaint with the Grievance Committee which his attorney had to answer. He now claims that this created a conflict of interest which denied him effective assistance of counsel requiring vacatur of his conviction. The motion is denied.
In the course of proceedings in this case, defendant was granted new counsel on two prior occasions and was seeking to change counsel for a third time. The court found no valid reason for this request, that it was not made in good faith and was dilatory, and determined that his present counsel was “reasonably likely to afford . . . defendant effective assistance” (People v Medina, 44 NY2d 199, 208 [1978]). A conflict of interest is not automatically created when a defendant files a grievance against his own counsel (see Mathis v Hood, 937 F2d 790 [2d Cir 1991]; People v Davis, 226 AD2d 125 [1996]), especially here where the grievance was filed after the trial began. In United States v Birrell (286 F Supp 885, 895-897 [1968]), defendant was found to “manipulate his constitutional right to counsel in order to delay and disrupt the proceedings [against him and to have created apparent] conflict of interest between himself and [legal aid] attorneys” when he filed a malpractice lawsuit against them.
Defendant must pass a two-pronged test to prevail on a claim of ineffective assistance of counsel. First, the “defendant must . . . demonstrate the existence of a potential conflict of interest” (People v Harris, 99 NY2d 202, 210 [2002]; see People v Ortiz, 76 NY2d 652 [1990]), then the defendant must show “that the conduct of his defense was in fact affected by the operation of the conflict of interest” (People v Alicea, 61 NY2d 23, 31 [1983]).
Here, the court made inquiries of the defendant and his attorney and concluded that defendant’s seriatim requests for new counsel had no good-faith basis. It is clear the filing of a grievance was calculated to create a conflict of interest where none existed.
*627 In addition, the defendant failed to show that he was prejudiced, since although he was convicted on the second degree burglary charge, he was acquitted of all second degree assault charges.
Defense counsel presented a cogent and meaningful defense, thoroughly cross-examined witnesses, made proper objections and gave a carefully reasoned summation to the jury. Any minor omissions were not shown to have any strategic value and did not compromise the defense. Consequently, defendant has not shown that “counsel’s representation fell below an objective standard of reasonableness” (Strickland v Washington, 466 US 668, 688 [1984]).