■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE MILLER, Appellant. [798 NYS2d 10]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered January 13, 2003, convicting defendant, after a jury trial, of robbery in the first and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 12 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant was not deprived of his right to conflict-free counsel. One of the two robbery victims, who knew defendant's family and was reluctant to testify, sought the advice of a Legal Aid Society attorney. Her relationship with that attorney was limited to asking whether she was required to comply with a subpoena, and simply being advised that her attendance at trial was mandatory. Defendant was represented by another Legal Aid attorney, who sought unsuccessfully to be relieved when he became aware, at the commencement of trial, that the victim had consulted a Legal Aid colleague. The record does not establish that a conflict existed, or that it operated to defendant's detriment or had a substantial relation to the conduct of his defense (*see Cuyler v Sullivan*, 446 US 335, 348-350 [1980]; *People v Harris*, 99 NY2d 202, 210-211 [2002]). The record fails to support defendant's assertion that as a result of the relationship between the victim and a Legal Aid attorney, defendant's attorney was constrained in his defense or failed to pursue a relevant line of inquiry. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.