■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CARDOZA, Appellant. [803 NYS2d 65]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered March 31, 1999, convicting defendant, after a jury trial, of conspiracy in the second degree, two counts of criminal possession of a controlled substance in the first degree, and two counts of criminal possession of a controlled substance in the third degree, and sentencing him to an aggregate term of 40 years to life, unanimously affirmed.

Defendant asserts that his initial attorney, who represented him for approximately 11 weeks during the earliest stages of this prosecution, was burdened by a conflict of interest in that he was a coconspirator in defendant's crimes, simultaneously represented an associate of defendant in a related federal case and simultaneously represented defendant's wife, who was a codefendant in the case at bar.

The joint representation of codefendants by a single attorney creates a potential conflict of interest between the attorney and each of his clients, thereby threatening each defendant's right to effective assistance of counsel guaranteed by both the state and federal constitutions (NY Const, art I, § 6; US Const 6th Amend). Joint representation is not per se forbidden, however (see People v McDonald, 68 NY2d 1, 9 [1986]). A defendant must demonstrate a divergence of interests between himself and counsel that caused a "divided loyalty" on counsel's part, and "operated on" the representation (People v Ortiz, 76 NY2d 652, 656, 657 [1990]; People v Harris, 99 NY2d 202, 210 [2002]). The record does not support defendant's arguments that counsel was a coconspirator in his crimes. At most, the record indicates counsel's interference, at the behest of defendant, with a potential change of counsel by one of defendant's associates who was charged in federal court, which interference may have been intended to thwart the associate's cooperation with the prosecution. Under such circumstances, it cannot be said that there was a divergence of interests between counsel and defendant, or that any purported "conflict" operated on the defense.

Similarly, while counsel did simultaneously represent defen-

dant and an associate, there is no evidence of any conflict posed by virtue of such representation, or that any such conflict operated on the defense. Further, there is no indication that counsel's representation of defendant's wife, which appears to have lasted about a month, posed a conflict of interest.

We have considered defendant's remaining arguments, including those raised in his pro se supplemental brief, and find them to be unavailing. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.