■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO PINA, Appellant. [855 NYS2d 546]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J.), rendered June 19, 2002, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of three years to life, unanimously affirmed.

We previously held this appeal in abeyance and directed Supreme Court to hold a hearing on defendant's claim, advanced in a motion to vacate his guilty plea, that he had been denied his right to conflict-free counsel (35 AD3d 45 [2006]). In accordance with our directive, Supreme Court held that hearing, at which the People submitted documentary evidence, defendant and his wife testified on defendant's behalf and defendant's former counsel then testified as a rebuttal witness for the People. In a written decision and order dated July 24, 2007, Supreme Court expressly found defendant's testimony "wholly incredible" and implicitly found credible the testimony of defendant's former counsel in that Supreme Court found the relevant facts to be essentially as testified to by counsel. Concluding that "prior counsel's representation was not conflicted, coercive or inadequate," Supreme Court again denied defendant's motion to vacate his guilty plea.

Supreme Court's credibility and factual determinations are amply supported by the evidence adduced at the hearing (*People v Prochilo*, 41 NY2d 759, 761 [1977]). On the basis of the credible evidence, we find that defendant failed to meet his burden of showing both the existence of a potential conflict of interest and that "the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (*People v Ortiz*, 76 NY2d 652, 657 [1990] [internal quotation marks omitted]; *see also People v Harris*, 99 NY2d 202, 210 [2002]). Concur—Andrias, J.P., Saxe, Williams and McGuire, JJ.