■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHANGA BUSH, Appellant. [876 NYS2d 35]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., on dismissal motion; Bonnie G. Wittner, J., at jury trial and sentence), convicting defendant of assault in the first degree (two counts) and gang assault in the first degree and sentencing him, as a second felony offender, to concurrent terms of 12 years, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment made on the ground that, as the result of a claimed conflict of interest, his original retained attorney failed to carry out defendant's alleged wish to testify before the grand jury. De-

fendant has failed to demonstrate that any conflict of interest affected, operated on or bore a substantial relation to the conduct of his defense (*see People v Harris*, 99 NY2d 202, 210 [2002]; *People v Ortiz*, 76 NY2d 652, 657 [1990]; *see also Winkler v Keane*, 7 F3d 304 [2d Cir 1993], *cert denied* 511 US 1022 [1994]). Although defendant asserts that at the time of his indictment his original attorney simultaneously represented the codefendant, neither his motion to dismiss, nor anything else in the record, establish anything more than successive representation. Following defendant's indictment, his original attorney requested to be relieved, and he ultimately represented the codefendant. However, the codefendant was not even arrested until after defendant was indicted, and the codefendant was later indicted by a different grand jury. Defendant's suggestion that at the time of the grand jury proceedings leading to his own indictment, his original attorney was already representing, or intended to represent, the unarrested codefendant rests entirely on speculation. In any event, regardless of whether the standard of prejudice relating to actual conflicts, potential conflicts, or ineffective assistance applies, we find that defendant could not have been prejudiced in any way by the fact that he did not testify before the grand jury. Indeed, defendant fails to provide any reason for concluding that he would not have been charged by the grand jury if he had testified. Finally, we reject defendant's argument that the motion court should have ordered a hearing to "fully explore" his original attorney's conduct. Defendant's moving papers were insufficient to raise any factual dispute warranting a hearing; a hearing is an adversarial proceeding, not a general inquiry or a substitute for counsel's investigation of the facts.

The trial court properly denied defendant's application to replace a sworn juror as grossly unqualified to serve (*see* CPL 270.35 [1]). Prior to the commencement of testimony, the juror volunteered to the court that he was having difficulty with the concept that no inference should be drawn from a defendant's failure to testify. The court conducted a probing inquiry (*see People v Buford*, 69 NY2d 290 [1987]), in which it carefully explained to the juror that this concept was the law, and it discussed other legal principles including the prosecution's burden of proof. The juror gave an unequivocal assurance that he understood and would follow the principles explained by the court. Finally, the juror's candor was evident, and we reject defendant's argument that his alleged dishonesty at the time he was selected as a juror independently rendered him grossly unqualified to serve.

The mandatory surcharge and fees were properly imposed (*People v Guerrero*, 12 NY3d 45 [2009]).

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ.