■ The People of the State of New York, Respondent, v Elias Langguth, Appellant. [880 NYS2d 638]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered February 5, 2008, convicting defendant, after a nonjury trial, of falsely reporting an incident in the third degree and two counts of aggravated harassment in the second degree, and sentencing him to a conditional discharge for a period of one year with 50 hours of community service, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's identity as the person who made the calls at issue was established by voice identification testimony and strong circumstantial evidence, including cell phone records. The fact that the court acquitted defendant of some of the charges does not warrant the conclusion that the court rejected the identification evidence, as there were other plausible reasons for convicting defendant of certain charges

while acquitting him of others (*see People v Rayam*, 94 NY2d 557, 563 [2000]). The record fails to support defendant's suggestion that the court had an inclination to render a compromise verdict. Defendant's intent to "harass, annoy, threaten or alarm" (Penal Law § 240.30) is readily inferable from the abusive statements made by defendant on the telephone.

Defendant's constitutional arguments have no merit. Defendant was not subjected to "criminal liability for engaging in protected speech; his liability arose from his harassing conduct, not from any expression entitled to constitutional protection" (*People v Shack*, 86 NY2d 529, 536 [1995]).

When, during the trial, the prosecutor accused defense counsel of misconduct in allegedly obtaining unauthorized trial preparation assistance from an officer friendly to defendant, this did not create a conflict of interest. Since the attorney was not implicated in the crimes of his client, no per se conflict existed (*see United States v Fulton*, 5 F3d 605, 611 [2d Cir 1993]). Moreover, there is no evidence that any conflict, even if it existed, operated on or bore a substantial relation to the conduct of the defense (*see People v Harris*, 99 NY2d 202, 210 [2002]; *People v Ortiz*, 76 NY2d 652, 657 [1990]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.