The People of the State of New York, Respondent,
against
Andrew DeStefano, Appellant.



Appeal, by permission, from an order of the Justice Court of the Town of Patterson, Putnam County (John E. King, J.), dated February 28, 2014. The order denied, without a hearing, defendant's motion, pursuant to CPL 440.10 (1) (b) and (h), to vacate two judgments of the same court rendered September 28, 2009 convicting defendant, upon his pleas of guilty, of offering a false instrument for filing in the second degree and misconduct in relation to petitions, respectively, and to dismiss the accusatory instruments in the interest of justice.




ORDERED that the order is reversed, on the law and as a matter of discretion in the interest of justice, and the branches of defendant's motion seeking to vacate the judgments convicting him of offering a false instrument for filing in the second degree and misconduct in relation to petitions, respectively, pursuant to CPL 440.10 (1) (h), and to dismiss the accusatory instruments in the interest of justice are granted.
On September 28, 2009, the People charged defendant with offering a false instrument for filing in the second degree (Penal Law § 175.20) and misconduct in relation to petitions (Election Law § 17-122). On the same date, defendant appeared before the Justice Court (Richard Vercollone, J.) for arraignment, whereupon, pursuant to a plea and sentencing agreement negotiated by his counsel with the District Attorney and the court, he pleaded guilty to the charges and was sentenced to concurrent terms of a conditional discharge and fines. An additional condition, that defendant refrain from running for public office for a period of five years, was later vacated. Defendant did not appeal from the judgments of conviction.
On November 7, 2013, defendant moved to vacate the judgments of conviction, pursuant to CPL 440.10 (1) (h), on the ground that he had been denied the effective assistance of trial counsel, and, pursuant to CPL 440.10 (1) (b), on the ground that the judgments of conviction "were procured by . . . misrepresentation or fraud on the part of . . . a prosecutor or a person acting for or in behalf of . . . a prosecutor," and, should either branch of the CPL 440.10 motion be granted, to dismiss the accusatory instruments. The Justice Court (John E. King, J.) denied the motion without a hearing and without a statement of its findings of fact and conclusions of law (see CPL 440.30 [7]). On September 17, 2014, this court granted defendant's application for leave to appeal from the order (see CPL 450.15, 460.15).
The branch of defendant's motion seeking to vacate the judgments of conviction pursuant to CPL 440.10 (1) (h) was based upon defendant's factual allegations with respect to his trial [*2]counsel's representation of five potential targets of an investigation by the Putnam County District Attorney into the alleged filing of fraudulent election ballot petitions in support of defendant's candidacy for Sheriff of Putnam County, which allegations were corroborated by documentation submitted by the District Attorney in opposition to the motion. The five targets executed witness immunity agreements with the District Attorney, at a time when defendant, represented by the same counsel, authored a confession of wrongdoing with respect to the charges to which he ultimately pleaded guilty. Counsel subsequently represented defendant in plea negotiations with the District Attorney and the court, and defendant was charged, arraigned, and pleaded guilty on the same day, without the court or defendant having been apprised of defendant's attorney's actual or potential conflict of interest. The undisputed facts establish that a conflict of interest existed which required defendant's informed waiver thereof prior to his pleading guilty (see People v Sanchez, 21 NY3d 216, 222-223 [2013]; People v Harris, 99 NY2d 202, 210 [2002]; People v Wandell, 75 NY2d 951, 952 [1990]; People v Mattison, 67 NY2d 462, 468 [1986]; see generally People v Gomberg, 38 NY2d 307 [1975]).
Under the circumstances of this case, we vacate the judgments of conviction and, as a matter of discretion in the interest of justice, we dismiss the accusatory instruments (see CPL 440.10 [4]). In light of the foregoing, we reach no other issue raised on the appeal.
Accordingly, the order is reversed and the branches of defendant's motion seeking to vacate the judgments convicting him of offering a false instrument for filing in the second degree and misconduct in relation to petitions, respectively, pursuant to CPL 440.10 (1) (h), and to dismiss the accusatory instruments in the interest of justice are granted.
Brands, J.P., Marano and Tolbert, JJ., concur.
Decision Date: January 24, 2017