People v Francis (2021 NY Slip Op 00267)





People v Francis


2021 NY Slip Op 00267


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Shulman, JJ. 


Ind No. 3318/12 Appeal No. 12894 Case No. 2013-02456 

[*1]The People of the State of New York, Respondent,
v
Trumaine Francis, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Katheryne Martone of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered July 8, 2013, convicting defendant, after a jury trial, of grand larceny in the third and fourth degrees and criminal possession of stolen property in the third and fourth degrees, sentencing him to an aggregate term of 1½ to 4½ years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). There was overwhelming evidence of defendant's identity as a participant in the theft of a van and a motorcycle. This included wiretapped conversations between defendant and other participants with whom officers already were familiar by way of an ongoing investigation, as well as voice identification testimony and cell site evidence (see e.g. People v Langguth, 63 AD3d 478 [1st Dept 2009], lv denied 13 NY3d 797 [2009]). The electronic and voice identification testimony, viewed as a whole, negated any reasonable possibility that in the commission of these crimes someone else had been using a phone registered to, and recovered from defendant. Defendant failed to preserve his legal insufficiency claim regarding the value of the van and motorcycle (see People v Bailey, 32 NY3d 70, 80 [2018])., and we decline to review it in the interest of justice. As an alternative holding, we find that the evidence was legally sufficient and was not against the weight of the evidence. The evidence warranted reasonable inferences that the respective statutory thresholds regarding value were met in each instance (see People v Callendar, 260 AD2d 315 [1st Dept 1999], lv denied 93 NY2d1015 [1999]).
A detective's identification of defendant based on a single photo shown to him a few days after his very brief viewing of defendant should have been suppressed as unduly suggestive. The detective's very limited observation of defendant, who was not otherwise known to this detective, was not "so clear that the identification could not be mistaken," so as to render the delayed photo identification confirmatory (People v Boyer, 6 NY3d 427, 432 [2006]). Nevertheless, any error was harmless beyond a reasonable doubt because even without an in-court identification by this detective, the other evidence establishing defendant=s identity was overwhelming, and there was no reasonable possibility that the error might have contributed to the conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]).
Defendant did not preserve the specific challenge he raises on appeal to the detective's redirect testimony, and we decline to review it in the interest of justice. As an alternative holding, we find that, even assuming defendant did not open the door to the challenged testimony, any error in admitting that testimony was likewise harmless.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021