People v Jalen C. (2021 NY Slip Op 51052(U))

[*1]

People v Jalen C.

2021 NY Slip Op 51052(U) [73 Misc 3d 135(A)]

Decided on November 10, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 10, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570176/16

The People of the State of New York,
Respondent,
against
Jalen C., Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Harold Adler, J.), rendered February 2, 2016, convicting him, upon his plea of guilty, of
forcible touching, and imposing sentence.

Per Curiam.
Judgment of conviction (Harold Adler, J.), rendered February 2, 2016, affirmed.
Defendant was not deprived of his right to conflict-free counsel as a result of the Legal Aid
Society's brief simultaneous representation of defendant in this forcible touching/second-degree
harassment case and one of his codefendants in an unrelated criminal prosecution arising from a
riot on Riker's Island, where said codefendant is represented by a different Legal Aid attorney
(see People v Wilkins, 28 NY2d 53 [1971]). When the parties appeared before Judge
Adler on January 14, 2016, defense counsel sought to be relieved because of "a conflict that arose
yesterday," explaining that defendant was arrested for the Riker's Island incident, and that Legal
Aid represented one of the codefendants in that case. In denying the application, the plea court
indicated that the underlying case was on for trial and that Legal Aid should seek to be relieved
in the Riker's Island case. However, on the same day, and before any hearing or trial commenced,
defendant secured a favorable and advantageous plea agreement, resulting in a sentence of
conditional discharge upon an adjudication that he was a youthful offender. 
On these facts, "the record does not establish that any conflict operated to defendant's
detriment or had a substantial relation to the conduct of his defense" (People v Udeke, 166 AD3d 549
[2018], lv denied 32 NY3d 1129 [2018]; see People v Brown, 33 NY3d 983, 987
[2019]; People v Harris, 99 NY2d 202, 210-212 [2002]; People v Miller, 19 AD3d 237
[2005], lv denied 5 NY3d 808 [2005]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and he expressly requests that this Court affirm the conviction if it
does not grant a dismissal. Because we do not find that dismissal would be appropriate, we
affirm on this basis as well (see People v
Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 10, 2021